Dear Ms. Alvis:
On behalf of Earl K. Long Medical Center, you have requested the opinion of this office as to whether the Medical Center may legally provide certain staff, equipment and supplies to Merrydale Elementary School as a participant in the Adopt-a School Program.
According to your correspondence, the Medical Center would like to provide Medical Center services, staff and supplies to do needed tasks and repairs at the school such as computer hook-ups, plumbing repairs and painting. You also mention that the School library is in need of books, data entry services and other help.
Your inquiry must be examined in light of La. Const. Art. VII, Sec. 14 (A), which prohibits the loan, pledge, or donation of the funds or assets of the state or any political subdivision "to or for any person, association, or corporation, public or private." This constitutional provision has been interpreted by the Louisiana Supreme Court in City of Port Allen v. LouisianaMunicipal Risk Agency, 439 So.2d 399 (La. 1983), which held that the Constitution is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. In City of Port Allen, supra, the Court stated: ". . . even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations or to individuals merely for a `public purpose'."
The jurisprudence of this state also makes it clear that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. See:James v. Rapides Parish Police Jury, 113 So.2d 88 (La.App. 2nd Cir. 1959), which interpreted La. Const. Art.IV, Sec. 12, a provision almost identical to the present Art. VII, Sec. 14 (A).
Although the Medical Center's desire to improve conditions at Merrydale and promote better education is a laudatory endeavor, we are unaware of any provision of law which would obligate or authorize the use of public funds entrusted to the Medical Center for health care purposes to be utilized for the enhancement or improvement of elementary educational facilities. We are constrained to advise that it is the opinion of this office that the Medical Center cannot supply its staff, services or supplies to Merrydale in the manner you have described.
We trust the foregoing to be of assistance. Should you, or the Medical Center need further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
JMZB:jv